CASE NO. 25-2412

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

R. HUNTER BIDEN

*Plaintiff/Appellee,*

v.

GARRETT ZIEGLER; ICU, LLC (DBA "Marco Polo")

*Defendants/Appellants.*

ON APPEAL FROM

D.C. No. 2:23-cv-07593-HDV-KSX
U.S. District Court for the
Central District of California

———————————

**DEFENDANTS/APPELLANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF/APPELLEE'S MOTION TO DISMISS AND
REQUEST TO CONSOLIDATE**

———————————

**JENNIFER L. HOLLIDAY (CA SBN 261343)**
7190 W. Sunset Blvd. #1430
Los Angeles, CA 90046
(805) 622-0225
JLHolliday@proton.me

Attorney for Defendants/Appellants
**Garrett Ziegler and ICU, LLC**

1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………………..2-4

I. INTRODUCTION AND BACKGROUND ..................................................5

II. LEGAL ARGUMENT……………………………………………………10

    A. APPELLATE JURISDICTION………………………………….....10

        1.  The Notices of Appeals Were Timely Filed from a Final Judgment
        2.  Interlocutory Orders Merged into the Final Judgment
        3.   Jurisdiction Under § 1291 Is Properly Invoked

    B. THE APPEALS ARE NOT MOOT…………………………………12
        a.   The June 20, 2024 Order Imposes Ongoing Consequences
        b.  The September 9, 2024 Fee Award Is Binding and Prejudicial

    C. NO WAIVER OCCURRED………………………………………….17

III. REQUEST TO CONSOLIDATE APPEALS……………………..……….18

IV. CONCLUSION ..............................................................................20

CERTIFICATE OF COMPLIANCE ....................................................21

CERTIFICATE OF SERVICE ............................................................21

## TABLE OF AUTHORITIES

**Cases**
*Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*,

    248 F.3d 892 (9th Cir. 2001)…………..…………………………*passim*

*Carlin v. Spooner*,

    808 F. App'x 571, 572 (9th Cir. 2020)…………………………………11

*Cobbledick v. United States,*

    309 U.S. 323, 325 (1940)…………………………………………………6

*Cohen v. Beneficial Indus. Loan Corp.*,

    337 U.S. 541 (1949) …………………………………………………18

*Concha v. London*,

    62 F.3d 1493, 1507 (9th Cir. 1995)…………………………………7

*Curtin Mar. Corp. v. Pac. Dredge & Constr., LLC*,

    76 Cal. App. 5th 651, 665, 291 Cal. Rptr. 3d 639, 648 (2022)………..9, 13

*Digital Equipment Corp. v. Desktop Direct, Inc.,*

    511 U.S. 863, 868 (1994)…………………………………………6

*Erie R. Co. v. Tompkins*,

    304 U.S. 64 (1938)………………………………………………..6

*Firestone Tire & Rubber Co. v. Risjord,*

    449 U.S. 368, 374 (1981)………………………………………..6

*Knox v. Service Employees*,

    567 U.S. 298 (2012)………………………………………………14

*Manufactured Home Cmtys., Inc. v. Cnty. of San Diego*,

    655 F.3d 1171, 1176 (9th Cir. 2011)…………………………16

*Nat'l Indus. v. Republic Nat'l Life Ins. Co.*,

    677 F.2d 1258 (9th Cir. 1982)……………………………………10

*People of Vill. of Gambell v. Babbitt,*

999 F.2d 403 (9th Cir. 1993)………………………………………………12

*Ruby v. Sec'y of the Navy*,

365 F.2d 385, 388 (9th Cir. 1966) (en banc)……………………………..11

*Unioil, Inc. v. E.F. Hutton & Co., Inc.*,

809 F.2d 548, 556 (9th Cir. 1986), *cert. denied,* 484 U.S. 822 (1987)……7

*United States v. $186,416.00 in U.S. Currency*,

722 F.3d 1173, 1176 (9th Cir. 2013)………………………………………15

*Venegas v. Mitchell,*

495 U.S. 82, 88 (1990)………………………………………………………15

*Western Oil & Gase Ass'n v. Sonoma County*,

905 F.2d 1287, 1290 (9th Cir. 1990), *cert. denied,* 498 U.S. 1067 (1991)..13

*Worldwide Church of God v. Philadelphia Church of God, Inc.,*

227 F.3d 1110, 1114 (9th Cir. 2000)………………………………6, 7, 12

**Statutes and Rules**

28 U.S.C. § 1291………………………………………………………5, 9, 12

Fed. Rule of App. Proc. 3(b)(2)…………..…………………………………19

Fed. Rule of App. Proc. 4(a)(1)(A)………………….………………………..6, 7, 11

Fed. Rule of App. Proc. 26……………………………………..…………………7, 11

Fed. Rule of App. Proc. 27(a)(3)(B)……………………………..……………..19

Cal. Code Civ. Proc. § 425.16………..……………….…..………………………6, 7, 13

# I.    INTRODUCTION AND BACKGROUND

Plaintiff/Appellee Hunter Biden filed a complaint under a federal *criminal* statute that included a private right of action vaguely alleging hacking of his private data.  After securing a sizable fee award on spurious grounds, and avoiding his deposition, Mr. Biden suddenly moved ex parte to voluntarily dismiss the case *without prejudice* – an attempt to avoid creating appellate jurisdiction.  The district court granted the motion to dismiss, but dismissed the case *with prejudice*, creating a final, appealable judgment that includes the right to appeal interlocutory orders.

Asserting arguments in contradiction of well-settled law, Plaintiff/Appellee Hunter Biden's counsel once again seeks to avoid appellate review to, presumably, retain the $17,929.40 fee award that Defendant/Appellant ICU, LLC paid in full to Winston & Strawn, LLP.  Defendants/Appellants Garrett Ziegler and ICU, LLC (DBA Marco Polo) maintain that subject matter jurisdiction is at issue in this appeal, but this Court has a right to await full briefing and review the complete record before ruling on the jurisdictional issues.

On timely notice, civil litigants in federal court have a right to appellate review of interlocutory orders following entry of final judgment. 28 U.S.C. § 1291; see also *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 897 (9th Cir. 2001) ("An interlocutory order becomes appealable when final judgment is entered.").  Entry of a dismissal with prejudice may be treated as a final,

appealable order triggering the thirty-day deadline under Federal Rule of Appellate Procedure 4(a) to appeal interlocutory orders. *Worldwide Church of God v. Philadelphia Church of God, Inc.,* 227 F.3d 1110, 1114 (9th Cir. 2000).

A narrow exception to the final judgment rule is the collateral order doctrine that may allow, but certainly does not *require,* a litigant to pursue a piecemeal appeal in federal court. *See Id.* quoting *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 374 (1981) (alteration in original) (quoting *Cobbledick v. United States,* 309 U.S. 323, 325 (1940)) ("Permitting piecemeal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system. In addition, the rule is in accordance with the sensible policy of "avoid[ing] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment.") *accord Digital Equipment Corp. v. Desktop Direct, Inc.,* 511 U.S. 863, 868 (1994) (holding that "a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated").

The timing of appellate review of an anti-SLAPP motion differs under California law which is inapplicable in federal court where the federal rules govern. See Code Civ. Proc. 425.16; *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

Plaintiff/Appellee's confusion on this point may explain the basis for his argument that the notices of appeal of the first order denying the motion to strike are untimely because they should have been filed and pursued upon entry of the interlocutory order at issue. This position is plainly contradicted by the final judgment rule applicable in federal proceedings where the appeal is taken from final judgment. See *Am. Ironworks & Erectors, Inc.*, 248 F.3d at 897

Defendants/Appellants timely noticed their appeals. The March 13, 2025 dismissal **with prejudice** constituted a final, appealable judgment. See *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995); see also *Unioil, Inc. v. E.F. Hutton & Co., Inc.,* 809 F.2d 548, 556 (9th Cir.1986), *cert. denied,* 484 U.S. 822 (1987). Each notice of the four appeals was filed within 30 days of that order dismissing the case with prejudice and each was therefore timely. See Fed. R. App. P. 4(a)(1)(A); Fed. R. App. P. 26. Under well-settled Ninth Circuit law, interlocutory orders merge into a final judgment and become reviewable at that time. *Worldwide Church of God v. Philadelphia Church of God, Inc.,* 227 F.3d 1110, 1114 (9th Cir. 2000)

While preserving the argument that the district court lacked subject matter jurisdiction, Ziegler and ICU, LLC each seek review of two interlocutory orders (1) denying a motion to dismiss and special motion to strike, and (2) granting a fee award of $17,929.40 under California Code of Civil Procedure Section 425.16, the

same law that the district court judge expressly ruled did not apply in denying the special motion to strike in the first order.

The first order was never certified for appeal, and even if it had qualified as a collateral order, it was the Defendant/Appellant's prerogative to dismiss the interlocutory appeal and await final judgment to pursue the appeal – particularly after Plaintiff/Appellee filed a fee motion and further complicated the appeal by obtaining a fee award. See *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.,* 248 F.3d 892, 897 (9th Cir. 2001) ("an interlocutory order granting attorney's fees…is not immediately appealable.) Defendants/Appellants had to await final judgment to appeal the fee award, so it was prudent to pursue *one* appeal following the entry of final judgment.

Moreover, there was no waiver of the right to appeal. Plaintiff/Appellee's counsel Winston & Strawn, LLP, has already collected the award of attorney's fees for $17,929.40 after sending a letter to Defendants/Appellants threatening collection efforts in Mr. Ziegler's home state during the litigation. [See Mtn. to Dismiss, Decl. of Hansen, Ex. A]. The order, now on appeal, had not been reduced to a judgment when ICU, LLC, paid the fees to prevent any further harassment or collection efforts and to prevent any risk of allegations of contempt. The **compliance with a court order** (even if the order was void *ab initio*) and full payment by ICU, LLC to Winston & Strawn, LLC **did not waive any party's**

**right to seek appellate review under 28 U.S.C. Section 1291 following the entry of final judgment.** No known authority in this district holds otherwise.

Similarly, compliance with the order by way of a payment to Winston & Strawn LLP, and the dismissal with prejudice, do not render the appeals moot. See e.g. *Curtin Mar. Corp. v. Pac. Dredge & Constr., LLC*, 76 Cal. App. 5th 651, 665, 291 Cal. Rptr. 3d 639, 648 (2022) ("Even if the dismissal were valid, we would not be compelled to dismiss the appeal as moot.")

The order did not direct any party to pay a particular law firm or Plaintiff/Appellee, personally, and it had never been reduced to a judgment; but the record is silent as to whether Winston & Strawn, LLP even had a *right* to collect the award (especially given the fact that Mr. Biden had *two* law firms simultaneously representing him before he voluntarily dismissed the case citing financial hardship), so given this order, it is particularly disingenuous of Plaintiff/Appellee's counsel to suggest that there is no legal or financial interest remaining in this case.

Notably, and further underscoring the need for a full briefing prior to dismissal, every attorney from Winston & Strawn, LLP, has now sought to withdraw from the case. Attorney Abbe Lowell is the only remaining attorney from Winston & Strawn, LLP representing Hunter Biden, and he filed a document

notifying the court of his withdrawal after the notices of appeal were filed.[1] The document, however, was deemed deficient, and he remains an attorney of record.

The motion to dismiss is, at a minimum, premature, and the jurisdictional issues should be addressed in full briefing. Although Plaintiff/Appellee has provided a substantial portion of the record in support of his motion to dismiss, he has omitted key portions of the record which includes hearing transcripts offering critical context.

This Court should deny the motion to dismiss and reserve its jurisdictional analysis until it has had the benefit of full briefing in accordance with the deadlines set forth in the scheduling order. See e.g. *Nat'l Indus. v. Republic Nat'l Life Ins. Co.*, 677 F.2d 1258 (9th Cir. 1982) (merits panel may consider appellate jurisdiction after denial of motion to dismiss).

Lastly, the Court should consolidate the related appeals for judicial economy.

## II.    LEGAL ARGUMENT

## A. APPELLATE JURISDICTION

## 1. The Notices of Appeals Were Timely Filed from a Final Judgment

---

[1] News reports and a press release indicate that Mr. Lowell has now left the firm of Winston & Strawn, LLP. The district court has not expressly ruled on whether Mr. Lowell's withdrawal is approved by the Court. Mr. Lowell is admitted *pro hac vice* to the district court for the Central District of California and is not a member of the State Bar of California.

Illustrating the final judgment rule in operation, the Court in *American Ironworks & Erectors, Inc*., the Court explained, "the December 1, 1998 judgment was the final judgment in the case; it is therefore effective as to all interlocutory orders." *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.,* 248 F.3d 892, 898 (9th Cir. 2001)  In the present case, the dismissal with prejudice operated as the final judgment in the case, triggering the effective date for the appellate deadline: Thursday, March 13, 2025, and Defendants/Appellants timely appealed the interlocutory orders by filing Notices of Appeal within thirty days. See *Unioil, Inc. v. E.F. Hutton & Co., Inc.,* 809 F.2d 548, 556 (9th Cir.1986), *cert. denied,* 484 U.S. 822 (1987). See also Fed. R. App. Proc. 4(a) The thirtieth day was Saturday, April 12, 2025, so the final day to appeal was Monday, April 14, 2025.  See Fed. R. App. Proc. 26  All four notices were filed on April 14, 2025. The notices are timely.

To the extent that the district court properly exercised jurisdiction over the subject matter (an issue in the appealed orders), the notices of appeal properly confer jurisdiction in this Court. "A valid notice of appeal is the mechanism that transfers jurisdiction from the district court to the court of appeals." *Carlin v. Spooner*, 808 F. App'x 571, 572 (9th Cir. 2020) *citing Ruby v. Sec'y of the Navy*, 365 F.2d 385, 388 (9th Cir. 1966) (en banc)

11

### 2. Interlocutory Orders Properly Merged into the Final Judgment

In the Ninth Circuit, interlocutory orders become appealable when final judgment is entered. *Am. Ironworks & Erectors, Inc.,* 248 F.3d at 897  Moreover, "a necessary corollary to the final judgment rule is that a party may appeal interlocutory orders after entry of final judgment because those orders merge into that final judgment." *Id.* citing *Worldwide Church of God,* 227 F.3d at 1114 (noting that prior interlocutory orders are "merged into final judgment").

Plaintiff/Appellee does not appear to take any issue with the validity of the notices but argues deficiency in the timing of the filing.  There is no authority for that position which is inconsistent with Federal Rule of Appellate Procedure.[2]

### 3. Jurisdiction Under § 1291 Is Properly Invoked

As the four notices of appeal were filed within thirty days of entry of final judgment, Defendants/Appellants properly invoked appellate jurisdiction. 28 U.S.C. § 1291

## B. THE APPEALS ARE NOT MOOT

"A claim is moot when 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *People of Vill. of Gambell v. Babbitt,*

---

[2] Plaintiff/Appellee cites an unpublished decision that carries no precedential value. (*Mireskandari v. Associated Newspapers, LTD.* (9th Cir. 2016) 665 Fed.Appx. 570.)

999 F.2d 403 (9th Cir. 1993) quoting *Western Oil & Gase Ass'n v. Sonoma County*, 905 F.2d 1287, 1290 (9th Cir. 1990), *cert. denied,* 498 U.S. 1067 (1991)

Plaintiff/Appellee argues that the appeals are moot because the case has already been dismissed, and Defendants/Appellants are ultimately seeking the same relief – dismissal.  This is inaccurate.  See e.g. *Curtin Mar. Corp. v. Pac. Dredge & Constr., LLC*, 76 Cal. App. 5th 651, 665, 291 Cal. Rptr. 3d 639, 648 (2022) ("This court can grant effective relief because our reversal of the denial of Pacific's motion to strike the complaint entitles it to an award of attorney fees and costs under section 425.16, subdivision (c).") Moreover, an appeal is not moot where the underlying order continues to impose collateral legal or financial consequences on the appellant.  See e.g. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) quoting *Knox v. Service Employees*, 567 U.S. 298 (2012) ("As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.")

Here, the fee award of $17,929.40 remains a live and enforceable judgment against Appellants. It was imposed under a statute the court had already deemed inapplicable, and payment was made under threat of enforcement and while interlocutory review was foreclosed. Such financial liability—particularly one grounded in legal error—constitutes an ongoing controversy sufficient to sustain appellate jurisdiction. Each of the four appeals seeks a review of the order to

determine whether the Court should have dismissed the case on other grounds (i.e. lack of subject matter jurisdiction, failure to state a claim).

### 1. The June 20, 2024 Order Imposes Ongoing Consequences

Defendant/Appellant ICU, LLC, has a legally cognizable interest in the outcome of an appeal determining whether the district court erred in denying the anti-SLAPP motion or in denying the motion to dismiss for lack of jurisdiction because it has *already paid* the order awarding fees associated with that motion. If, on review, this Court reverses the district court, Defendant/Appellant ICU, LLC has grounds to recover the payment made to Winston & Strawn, LLP.

Similarly, Defendant/Appellant Garrett Ziegler has a legally cognizable interest in the outcome because he is subject to the order to pay fees which remains at issue, and if this Court determines that the district court erred in denying the motion to dismiss on jurisdictional grounds, the order to pay fees is subject to vacatur.

The June 20, 2024 order denying Defendants-Appellants' motion to dismiss did not merely deny a procedural request; it also preserved claims that the district court later dismissed with prejudice after Defendant/Appellant ICU, LLC served its portion of a motion for summary judgment demonstrating the lack of a proper basis under the Computer Fraud and Abuse Act. This denial also formed the predicate for a subsequent mandatory fee award under California's anti-SLAPP statute—an

award which was obtained and enforced before final judgment, while the case remained pending.

The financial consequences flowing from the June 20, 2024 order remain legally operative and have not been undone by the later dismissal. Further, the order effectively precluded Defendants/Appellants from vindicating their threshold jurisdictional objections and subjected them to expensive and burdensome litigation. These consequences survive dismissal and render the appeal live and justiciable.

**2.** **The September 9, 2024 Fee Award Is Prejudicial**

The appeal of the September 9, 2024 fee order is not moot. The award—totaling $17,929.40—was enforced during the pendency of litigation, but the order was never reduced to an enforceable judgment with specific instructions explaining who to pay, how to pay, and when to pay. That alone constitutes a continuing adverse consequence sufficient to defeat mootness. See e.g. *United States v. $186,416.00 in U.S. Currency*, 722 F.3d 1173, 1176 (9th Cir. 2013) ("[I]t is the party's right to waive, settle, or negotiate [attorney's fees] eligibility,") quoting *Venegas v. Mitchell,* 495 U.S. 82, 88 (1990)

A live controversy remains where an appellant has paid an award of fees that may be subject to reversal because the fees can be recovered. The fee award was premised on the same legal theory the district court had previously rejected,

namely, the applicability of California's anti-SLAPP statute to federal causes of action. This legal inconsistency magnifies the prejudice.

Moreover, the fee award has reputational, strategic, and financial implications beyond the payment itself. The imposition of sanctions for allegedly frivolous litigation affects public perception, creates burdens for future litigation or client representation, and may even bear on insurance or professional obligations. See *Manufactured Home Cmtys., Inc. v. Cnty. of San Diego*, 655 F.3d 1171, 1176 (9th Cir. 2011) (recognizing ongoing collateral consequences from adverse legal determinations and reviewing an anti-SLAPP order and separate order on appeal) Because the fee order remains in force, prejudicial, and unresolved, the appeal is not moot.  Furthermore, the complaint was brought under a *criminal* statute, and Plaintiff/Appellee obstructed Defendants/Appellants' access to evidence by way of hastily dismissing the complaint rather than appearing at deposition.  A successful appeal of the order denying the motion to dismiss would restore Defendants/Appellants' credibility – particularly where, as here, Defendants/Appellants argued that the complaint failed to state a claim under the Computer Fraud and Abuse Act, a conclusion that the district court struggled to understand as evidenced in documents to be provided to the court on full briefing.

Moreover, Plaintiff/Appellee continues to insist that the case that he moved to voluntarily dismiss the week he was scheduled to appear at his scheduled

deposition *was* meritorious – but that he simply could not afford to continue litigating. The district court's erroneous denial of the anti-SLAPP motion and motion to dismiss support that position, but there was *never* any merit to this case. Plaintiff/Appellee brought a civil case under a *criminal* cause of action, made entirely baseless, factually-unsupported accusations of what is statutorily defined as *criminal conduct* against Ziegler and ICU, LLC, and then effectively deprived the Defendants/Appellants of the ability to litigate the case to finality – or even take a deposition. Appellate review can determine if the trial court correctly found that Plaintiff/Appellee stated a claim and had standing to bring this case against Defendant/Appellants. As the prevailing party is entitled to fees and costs under the state law statute, it is unclear why Mr. Biden's financial hardships would warrant voluntary dismissal of a meritorious case.

## C. NO WAIVER OCCURRED

Plaintiff/Appellee suggests that Defendants/Appellants waived appellate review of the June 20, 2024 and September 9, 2024 orders by failing to immediately appeal or by voluntarily dismissing an interlocutory appeal. That argument is legally unsupported and a further attempt to avoid appellate review.

There is no requirement to take an immediate appeal under the collateral order doctrine, which is permissive, not mandatory. See *Cohen v. Beneficial Indus.*

17

*Loan Corp.*, 337 U.S. 541, 546 (1949). Parties are permitted to wait until final judgment to appeal adverse interlocutory rulings.

Second, Appellants' decision to voluntarily dismiss an earlier interlocutory appeal, particularly while the fee order remained in effect and unaccompanied by Rule 54(b) certification, did not waive their rights to appeal once final judgment was entered.

Third, Plaintiff/Appellee's waiver argument is particularly unpersuasive given that Plaintiff/Appellee moved to dismiss the entire action after securing a fee award on an improper application of a law the district court had already deemed inapplicable. To now claim that Defendants/Appellants should have pursued piecemeal appeals in the middle of litigation that Plaintiff/Appellee himself voluntarily abandoned undermines the logic of waiver entirely.

Because the case was dismissed with prejudice on March 13, 2025, and the notices of appeal were timely filed on April 14, 2025, Appellants preserved their rights to challenge both interlocutory orders. No waiver occurred.

## III.    REQUEST TO CONSOLIDATE APPEALS

Pursuant to Federal Rules of Appellate Procedure 3(b)(2) and 27(a)(3)(B) and Ninth Circuit Rule 3-3, Appellants respectfully request that the Court consolidate the four related appeals: Nos. 25-2406, 25-2407, 25-2408, and 25-2412. Each of these appeals arises from the same district court action, involves the

same parties, and concerns overlapping factual and legal issues—including the denial of dispositive motions, the issuance of a fee award, and the legal basis for subject matter jurisdiction.  Separate adjudication of these intertwined matters would not only result in duplicative filings and briefing but could risk inconsistent rulings on jurisdictional and substantive questions.

Moreover, Appellants' Notices of Appeal were timely and directed at distinct but interrelated orders: (1) denial of the motion to dismiss for lack of jurisdiction and denial of the special motion to strike, and (2) imposition of attorneys' fees under an inapplicable statute. The legal integrity and factual consistency of these proceedings depend on these issues being considered together.

To ensure orderly and efficient review, Appellants respectfully request that the Court consolidate these related appeals and allow for unified briefing in accordance with Circuit rules. Should the Court determine that appellate jurisdiction exists as set forth above, consolidation will serve the interests of justice and judicial economy.

This request to consolidate is made solely to promote judicial economy and efficiency and is not intended to, and should not be construed as, a concession of subject matter jurisdiction, which Appellants continue to dispute.  The Court should have the benefit of a complete record and full briefing.

## VI. CONCLUSION

Plaintiff/Appellee R. Hunter Biden's motion to dismiss the four appeals is based on only two arguments: that the appeals taken from the September 9, 2024 order are untimely and that the appeals taken from the June 20, 2024 orders are moot.  Both arguments rest entirely on a misapplication of law. Defendants/Appellants and are entitled to appellate review of the interlocutory orders which merged with the final judgment when the case was dismissed with prejudice.  For the foregoing reasons, Defendants/Appellants request that this Court dismiss Plaintiff/Appellee's motion and address the jurisdictional analysis pending further briefing in answer.

DATE:      MAY 6, 2025                    /s/  JENNIFER L. HOLLIDAY
                                          JENNIFER L. HOLLIDAY
                                          ATTORNEY FOR
                                          DEFENDANTS/APPELLANTS
                                          GARRETT ZIEGLER; ICU LLC

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify that this document complies with the type-volume limitation of Rule 27(d)(2). This Opposition to Motion to Dismiss and Request to Consolidate contains 3,526 words, excluding the caption, signature block, and this certificate, as counted by the word-processing system used to prepare the document.

This brief complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type style requirements of Rule 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word with 14-point Times New Roman font.

DATED: May 6, 2025          /s/ Jennifer L. Holliday
                            Jennifer L. Holliday
                            Attorney for Defendants/Appellants
                            Garrett Ziegler and ICU, LLC


## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2025, I electronically filed the foregoing **Response in Opposition to Motion to Dismiss and Request to Consolidate** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED: May 6, 2025          /s/ Jennifer L. Holliday
                            Jennifer L. Holliday
                            Attorney for Defendants/Appellants
                            Garrett Ziegler and ICU, LLC